IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACKSON NATIONAL LIFE § <br> INSURANCE COMPANY, § <br> § <br> Plaintiff, § <br> § Civil Action No. 3:16-CV-0854-D <br> VS. § <br> § <br> LANCE DOBBINS, et al., § <br> § <br> Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Jackson National Life Insurance Company ("Jackson National") moves to interplead the proceeds of a $1 million life insurance policy, to be discharged from all liability and dismissed as a party, and to be authorized to withhold the sum of $7,000 in attorney's fees and costs from the interpleaded policy proceeds. Defendants—the competing claimants to the policy proceeds—oppose some or all of the relief requested. For the reasons that follow, the court holds that Jackson National should be permitted to interplead the policy proceeds, that it should be discharged from liability relating to the interpleaded funds and dismissed as a party, and that it should be permitted to deduct from the interpleaded funds the reasonable attorney's fees and costs that the parties agree to or that the court awards on separate application. The court therefore grants Jackson National's motion in part, denies it in part, and directs that Jackson National file a fee application if the parties cannot agree on an award.

I

Jackson National filed this interpleader action against defendants Lance Dobbins ("Lance"), L&R Cattle, LLC ("L&R Cattle"), Small Business Lending, Inc. d/b/a Newtek Small Business Lending ("Newtek"), and the Federal Deposit Insurance Corporation ("FDIC"). This suit arises from competing claims to the proceeds of a $1 million policy (the "Policy") that insured the life of the late Larry Dobbins ("Dobbins"). Defendants are competing claimants to the Policy proceeds. Jackson National admits liability under the Policy and maintains that it has at all times been willing to pay the proceeds to the person or persons who are lawfully entitled to them. But it asserts that it is unable to pay the Policy benefits to any of the claimants without incurring possible multiple liability. Jackson National maintains that it is a disinterested stakeholder that asserts no interest in the Policy proceeds, except for its attorney's fees and court costs incurred in this action.

Jackson National moves to interplead the $1 million Policy proceeds into the court registry so that the court can determine who is properly entitled to them. It asks that the Policy proceeds be placed in an interest bearing account, that it be released from further obligations or liability under the Policy and be dismissed of all liability relating to the Policy, and that the court award it the sum of $7,000 in attorney's fees and costs from the interpleaded funds. No defendant opposes Jackson National's request to interplead the Policy proceeds into the court registry. Lance and L&R Cattle object to Jackson National's requests to be dismissed as a party and discharged of all liability and to withhold $7,000 in attorney's fees and costs. Although the FDIC and Newtek do not oppose Jackson National's

request to be dismissed as a party and discharged of all liability, they object to Jackson National's request to withhold $7,000 in attorney's fees and costs.

II

"Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 411, 414 (N.D. Tex. 2005) (Lynn, J.) (citing 28 U.S.C. § 1335(a) (2005)).

> Generally stated, the purpose of an interpleader action is to protect a stakeholder from liability when faced with the threat of multiple inconsistent claims to a single fund. It does this by allowing the stakeholder to tender the contested funds to the court in lieu of defending against multiple possible lawsuits. An interpleader action allows the stakeholder to pay the money in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds.

*Ekholm v. T.D. Ameritrade, Inc.*, 2013 WL 4223128, at *2 (N.D. Tex. Aug. 14, 2013) (Fitzwater, C.J.) (citations omitted).

The court "has broad powers in an interpleader action." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999). Interpleader actions are decided through two stages. *Id.* First, the court determines whether the requirements for an interpleader action have been met by deciding if there is a single fund at issue and whether there are adverse claimants to that fund. *Id.* Second, if the court determines that the requirements for interpleader are met, the court determines the rights of the claimants. *Id.*

III

Relying on *JSI Communications v. Travelers Casualty and Surety Company of America*, 807 F.3d 725 (5th Cir. 2015), Lance and L&R Cattle maintain that dismissal of Jackson National at this time would be premature and prejudicial because they may have compulsory or permissive counterclaims against Jackson National in connection with its performance of obligations under the Policy and its duty to deal fairly and in good faith. They contend that they have been unable to assess any such claims because Jackson National has failed to produce a certified copy of the Policy or associated claims materials, including beneficiary designations and documents relating to the purported assignment of the Policy. Jackson National responds that it produced to defendants a copy of the Policy and the entire claim file, and that Lance and L&R Cattle do not explain why they need a certified copy of the Policy. It also asserts that Lance and L&R Cattle's reliance on *JSI Communications* is misplaced. The court agrees.

*JSI Communications* does not hold, as Lance and L&R Cattle suggest, that a stakeholder (such as Jackson National) should not be dismissed from an interpleader action when it may be independently liable to a claimant. In fact, *JSI Communications* does not even discuss under what circumstances a stakeholder should not be dismissed. Rather, *JSI Communications* holds that a judgment dismissing a stakeholder in an interpleader action does not shield the stakeholder from liability extending beyond the stake in the interpleader action. *JSI Commc'ns*, 807 F.3d at 728-29. The court explained:

> In an interpleader action, the court must determine what entities are entitled to the property at issue, known as the "stake." *See First Nat'l Bank of Vicksburg v. Middleton*, 480 So.2d 1153, 1155-57 (Miss. 1985); *Md. Cas. Co. v. Sauter*, 344 F. Supp. 433, 436-37 (N.D. Miss. 1972). The discharge of liability the interpleader receives is defined by the scope of the funds interpleaded. *See* Miss. R. Civ. P. 22(b) ("Any party seeking interpleader . . . may deposit with the court the amount claimed, . . . and the court may thereupon order such party discharged from liability *as to such claims* and the action shall continue as between the claimants of such money or property." (emphasis added)); *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1011 (9th Cir. 2012) ("The stake marks the outer limits of the stakeholder's potential liability where the respective claimants' entitlement to the stake is the sole contested issue; however, where the stakeholder may be independently liable to one or more claimants, interpleader does not shield the stakeholder from tort liability, nor from liability in excess of the stake." (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967))).

*Id*. at 728. Accordingly, even if Jackson National is dismissed as a party and discharged of further liability under the Policy, Lance and L&R Cattle can still bring claims against Jackson National in a separate lawsuit that are unrelated to the Policy proceeds. Further, Lance and L&R Cattle neither explain why they need a certified copy of the Policy nor provide any authority showing that Jackson National should not be dismissed until a certified copy of the Policy is disclosed to defendants.

It is undisputed that the statutory requirements of interpleader are satisfied: there is a single fund (the $1 million Policy proceeds) with adverse claimants (defendants) competing for that fund. Because this is a proper interpleader action, the court grants Jackson National's request to deposit the Policy proceeds of $1 million with the clerk of court, to be

deposited according to the clerk's usual procedures. And upon tendering the net Policy proceeds, Jackson National is dismissed as a party and discharged of further liability concerning the Policy proceeds.

IV

All defendants object to Jackson National's request to withhold from the Policy proceeds the sum of $7,000 in attorney's fees and costs.

A

It is well settled that the court has discretion to award costs, including reasonable attorney's fees, to a disinterested stakeholder in an interpleader action whenever it is fair and equitable to do so. *See Rhoades*, 196 F.3d at 603; *Fresh Am. Corp.*, 393 F.Supp.2d at 417; *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 206-07 (E.D. Tex. 1999). In determining whether an award of attorney's fees is appropriate, the court should examine, "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefited the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Royal Indem. Co. v. Bates*, 307 Fed. Appx. 801, 806 (5th Cir. 2009) (per curiam) (citation omitted); *see also Fresh Am. Corp.*, 393 F.Supp.2d at 417.

B

Lance and L&R Cattle maintain that Jackson National's request to withhold $7,000 in attorney's fees and costs is unreasonable considering that Jackson National has filed only

a five-page complaint and a three-page motion to interplead funds, has produced only an uncertified copy of the Policy to defendants, and has attached no affidavits or documents to its motion supporting the recovery of $7,000 in attorney's fees and costs. The FDIC and Newtek maintain that courts have held that attorney's fees should not be awarded to an insurance company in an interpleader action where the claims to the fund are of the type that arise in the ordinary course of business, and that Jackson National has not asserted that the competing claims to the Policy proceeds are of the type that do not arise in the ordinary course of its insurance business. The FDIC and Newtek also contend that Jackson National has failed to provide any support for an award of $7,000 in attorney's fees and costs.

Jackson National responds that the FDIC and Newtek cite no precedent from the Fifth Circuit or this court to support the proposition that attorney's fees should not be awarded to an insurance company in an interpleader action where the claims to the fund are of the type that arise in the ordinary course of business. Rather, Jackson National maintains that the relevant standard in this circuit is that attorney's fees may be awarded when it is fair and equitable to do so, and that the Fifth Circuit has held that attorney's fees are generally awarded to a plaintiff, like Jackson National, who initiates the interpleader action as a mere disinterested stakeholder. Jackson National also maintains that the five factors that courts consider when deciding whether to award attorney's fees favor such an award in this case, because this is a complex case involving complicated issues pertaining to the service and joinder of all the necessary defendants, including three defendants who reside out of the state; Jackson National has performed unique services for the parties by taking on most of

the burden of coordinating the parties in this case; Jackson National worked with good faith and diligence to expeditiously file this interpleader action and to serve and join all the additional parties; and the proceedings have been protracted by defendants' adverse claims. Jackson National also contends that the amount of attorney's fees it seeks ($7,000) is reasonable on its face considering that its request accounts for merely 0.7% of the Policy proceeds, and it points to its attorney's fees statements and time entry documentation, which are attached as exhibits to its reply, showing that it has incurred a total of $11,129.00 in attorney's fees and $1,126.73 in costs as of May 31, 2016. Jackson National acknowledges, however, "that there has been some overlap and inefficiencies," and, "as a result, has reduced the amount of attorney's fees and costs it is seeking to $7,000." P. Reply at 3 n.2.

C

Defendants do not contest that Jackson National is a disinterested stakeholder. *See Rhoades*, 196 F.3d at 603. And the application of the five factors is straightforward. The court finds nothing particularly complex about the nature of this interpleader action, including the service and joinder of the defendants, especially considering that Jackson National, as an insurer, likely has been involved in, or initiated, interpleader actions in the past. *See Underwriters Grp., Inc. v. Clear Creek Indep. Sch. Dist.*, 2006 WL 3316952, at *1 (S.D. Tex. Oct. 27, 2006) (finding interpleader action not complex because "interpleader complaint was a relatively simple matter brought on behalf of [stakeholder], who, as a company involved in matters concerning insurance, presumably ha[d] been involved in or instigated interpleader actions in the past" and although "[t]here appear[ed] to have been a

certain degree of feuding over the funds," "nothing exceed[ed] the extent normally encountered in these actions"). Jackson National has not shown that it performed any unique services for the defendants or the court. *See Primerica Life Ins. Co. v. Baccus*, 2009 WL 250027, at *6 (N.D. Tex. Jan. 30, 2009) (O'Connor, J.) (holding that stakeholder-insurance company, which filed interpleader complaint against multiple claimants, performed no unique services for claimants). Jackson National, however, acted in good faith and diligently brought this interpleader action. *See Underwriters Grp.*, 2006 WL 3316952, at *1 ("[Stakeholder] acted in good faith and diligently brought this interpleader action and, as such, should not be faulted or penalized for having done so."). And the attorney's services benefited Jackson National. Finally, although the defendants have all filed cross-claims against each other, they have not filed any counterclaims against Jackson National. *Cf. id.* ("[T]he Defendants, while filing cross-claims against each other, also filed a counter-claim against [stakeholder], which appears to have protracted [stakeholder] involvement in the proceedings."). Accordingly, the court rejects any argument by defendants that Jackson National should be completely denied recovery for attorney's fees and costs.

The only remaining issue is whether the requested attorney's fees and costs are reasonable. Jackson National did not initially present evidence supporting its request for attorney's fees and costs. It first submitted evidence (billing statements from its counsel) as an exhibit to its reply. Defendants have therefore lacked a fair opportunity to oppose Jackson National's request for fees and costs. *See, e.g., id.* at *2 (closely scrutinizing counsel's billing statements submitted by stakeholder in concluding that "[stakeholder's] requested fees

and costs [were] excessive," and "that much of the time spent by counsel ought not in fairness be charged against the claimants").

Accordingly, although the court concludes that Jackson National is entitled to some award of fees and costs, it will require that Jackson National submit a separate application. Before filing the application, Jackson National and defendants shall confer to determine whether they can agree to an award. If so, Jackson National may submit an agreed order awarding attorney's fees and costs, and it may deduct the amount awarded when tendering the net Policy proceeds to the clerk of court. If the parties cannot agree, then Jackson National must submit its fee application within 21 days of the date this memorandum opinion and order is filed. Any party who opposes the fee application must file a response within 21 days of the date the application is filed. Jackson National may file a reply to a response within 14 days of the date the response is filed. *See, e.g., Fresh Am. Corp.*, 393 F.Supp.2d at 417 (directing parties to confer, and, if unsuccessful, to submit briefing on the amount of reasonable attorney's fees recoverable in interpleader action).

* * *

For the reasons explained, Jackson National's motion is granted in part and denied in part, and Jackson National is directed to file a fee application, if necessary, after conferring with defendants regarding an agreed award of attorney's fees and costs.

**SO ORDERED**.

August 15, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE