IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>VS.<br><br>LANCE DOBBINS, et al.,<br><br>Defendants. | § § § § § § § § § § § § Civil Action No. 3:16-CV-0854-D |

MEMORANDUM OPINION
AND ORDER

I

In a prior memorandum opinion and order in this case, *Jackson National Life Insurance Co. v. Dobbins*, 2016 WL 4268770 (N.D. Tex. Aug. 15, 2016) (Fitzwater, J.) ("*Jackson National I*"), the court granted plaintiff Jackson National Life Insurance Company's ("Jackson National's") motion to interplead the proceeds of a $1 million insurance policy (the "Policy") that insured the life of the late Larry Dobbins ("Dobbins"), minus attorney's fees and court costs; to be discharged from all liability; and to be dismissed as a party. *Id.* at *1. The court also awarded Jackson National its attorney's fees and costs from the interpleaded Policy proceeds, ordering that Jackson National could withhold the agreed sum of $7,000 when it tendered the Policy proceeds to the clerk of court.

Jackson National now moves the court to amend the memorandum opinion and order to reduce the sum that it must tender to the clerk of court. It maintains that, after the court entered the memorandum opinion and order and fee order, Jackson National discovered that

Dobbins' age had been misstated on the Policy application, and that, as a result, the Policy proceeds should be reduced from $1 million to $907,502.02. Jackson National seeks court approval of its November 16, 2016 deposit with the clerk of court of the sum of $910,888.82, which represents the adjusted death benefit of $907,502.02, interest calculated through November 3, 2016, a partial refund of the monthly premium, and a deduction of $7,000 for attorney's fees previously authorized by the court. Defendants Small Business Lending, Inc. d/b/a Newtek Small Business Lending and the Federal Deposit Insurance Corporation, joined in a separate response filed by defendants Lance Dobbins and L&R Cattle, LLC, oppose the motion on substantive grounds. In reply, Jackson National attempts to rebut these substantive arguments.[*]

II

The court denies Jackson National's motion because the relief it seeks is not available to an interpleader plaintiff.

As the court explained in *Jackson National I*:

> Generally stated, the purpose of an interpleader action is to protect a stakeholder from liability when faced with the threat of multiple inconsistent claims to a single fund. It does this by allowing the stakeholder to tender the contested funds to the court in lieu of defending against multiple possible lawsuits. An interpleader action allows the stakeholder to pay the money in

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[]  issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

>  dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves their entitlement to the funds.

*Jackson Nat'l I*, 2016 WL 4268770, at *2 (quoting *Ekholm v. T.D. Ameritrade, Inc.*, 2013 WL 4223128, at *2 (N.D. Tex. Aug. 14, 2013) (Fitzwater, C.J.)) (citations omitted). "The procedural device of interpleader, then, allows a stakeholder effectively *to avoid a dispute with the claimants* while the court determines the proper allocation of the disputed fund[.]" *Tittle v. Enron Corp.*, 410 F.3d 410, 423 (5th Cir. 2006) (emphasis added).

In its motion to amend order permitting interpleader, Jackson National is no longer in the position of a disinterested stakeholder, as it was when the court decided *Jackson National I*. At that time, Jackson National maintained that it was a disinterested stakeholder that asserted no interest in the Policy proceeds, except for a request for attorney's fees and court costs incurred in the interpleader action. Jackson National acknowledged that it was obligated and willing to pay someone the proceeds of the $1 million Policy that insured Dobbins' life, minus its attorney's fees and court costs. It maintained that it was seeking interpleader relief as an innocent stakeholder faced with multiple claims.

Now, however, Jackson National and the competing claimants are involved in a dispute *inter se* over how much Jackson National owes under the Policy. Jackson National is no longer a disinterested stakeholder who is willing to pay the full $1 million stake (minus attorney's fees and court costs) to which the claimants maintain they are entitled. Jackson National is, in effect, asking the court to decide by motion—not even by a summary judgment motion—contested issues that may not be resolvable without a trial.

Accordingly, without suggesting that Jackson National is or is not entitled to pay a reduced amount of Policy proceeds, the court concludes that Jackson National cannot obtain this relief through its current motion. Jackson National's November 21, 2016 motion to amend order permitting interpleader is therefore denied.

**SO ORDERED**.

January 10, 2017.

```
                                    _____
                                    SIDNEY A. FITZWATER
                                    UNITED STATES DISTRICT JUDGE
```