IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY, | § § § § § § § § § § § § | |
| Plaintiffs | | |
| | | Civil Action No. 3:16-CV-0854-D |
| VS. | | |
| LANCE DOBBINS, et al., | | |
| Defendants. | | |

MEMORANDUM OPINION
AND ORDER

In this interpleader action, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for The Bank of Union, El Reno, Oklahoma ("Bank of Union"), moves the court to compel L&R Cattle, LLC ("L&R") to return certain funds to the court registry. For the reasons that follow, the court grants the FDIC's motion.

I

This case is already the subject of prior memorandum opinions and orders. *See, e.g., Jackson Nat'l Life Ins. Co. v. Dobbins*, 2018 WL 550516, at *1-3 (N.D. Tex. Jan. 25, 2018) (Fitzwater, J.). The court will therefore recount only the background facts and procedural history that are pertinent to this decision.

At issue are the proceeds of a life insurance policy ("the Policy") that insured the life of decedent Larry Dobbins ("Dobbins"). *See id.* at *1. Dobbins, during his lifetime, assigned the proceeds of the Policy to Bank of Union as collateral for a loan. *See id.* at *2. When Dobbins died, both the FDIC (on behalf of Bank of Union) and the Policy's

beneficiary, L&R, asserted an interest in the funds.  *See id.*  Plaintiff Jackson National Life Insurance Company, the insurer, interpleaded the proceeds into the court registry pending resolution of these competing claims.  *See id.*  This court ruled that the assignment to Bank of Union was invalid and entered summary judgment in favor of L&R.  *See id.* at *9.  The Fifth Circuit reversed in relevant part and rendered judgment in favor of the FDIC.  *See Jackson Nat'l Life Ins. Co. v. Dobbins* (*Jackson Int'l II*), 761 Fed. Appx. 389, 396 (5th Cir. 2019) (per curiam).

By the time the Fifth Circuit issued its mandate, the clerk of this court had already wired the Policy proceeds to L&R.  In response to a demand letter from the FDIC, L&R wired most—but not all—of the proceeds to the FDIC, asserting that it was entitled to a $76,130.11 offset for premiums that it paid during Dobbins' lifetime.  This claim echoes an alternative argument that L&R raised in its motion for summary judgment.  L&R did not, however, re-urge this argument in its briefing on appeal.  The FDIC now moves to compel L&R to return its purported offset to the court registry, so that the FDIC may collect it.

II

In an interpleader action, a district court may "make all appropriate orders to enforce its judgment."  28 U.S.C. § 2361.  This includes the power to compel the return of registry funds for appropriate disposition.  *See, e.g., Muncy v. City of Dallas*, 128 Fed. Appx. 404, 404 (5th Cir. 2005) (per curiam) (denying rehearing).

The parties focus their briefing on whether claim preclusion prevents L&R from relitigating its offset argument, but the issues are better framed in terms of the mandate rule.

The mandate rule requires this court on remand to implement both the letter and spirit of the Fifth Circuit's mandate, and it precludes the court from disregarding the explicit directives of the Fifth Circuit. *See United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998), *abrogated on other grounds as recognized in United States v. Farias*, 481 F.3d 289, 291-92 (5th Cir. 2007). "The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate." *Id.* (internal quotation marks and citations omitted).

The Fifth Circuit, in its mandate, did not designate any matters for further consideration by this court; instead, it rendered judgment in favor of the FDIC. *See Jackson Int'l II*, 761 Fed. Appx. at 396. The Fifth Circuit's opinion explains the effect of that judgment: "the FDIC is entitled to the *entire amount* of proceeds." *Id.* at 395 (emphasis added). Under the mandate rule, this court is bound by the Fifth Circuit's unambiguous command, and must implement it. *See Becerra*, 155 F.3d at 753. This obligates the court to order that the FDIC recover the sum of $76,130.11 that L&R failed to return to the court registry.

\* \* \*

For the foregoing reasons, the court grants the FDIC's motion to compel. L&R is hereby ordered to return the sum of $76,130.11 to the court registry within 14 days of the date this memorandum opinion and order is filed. The clerk is, in turn, directed to wire that

sum, plus any accrued interest, to the FDIC after receipt and in accordance with the usual procedures.

**SO ORDERED**.

July 23, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE